IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2097-FL

| | | |
|---|---|---|
| CHARLES A. RIPPY BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The matter is before the court on the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 15, 19). Also before the court is petitioner's motion to amend his petition (DE 18). Respondent did not respond to petitioner's motion to amend. However, the remaining motions were fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants petitioner's motion to amend and denies without prejudice the parties' cross-motions for summary judgment.

On September 27, 1993, petitioner pleaded guilty in Catawba County Superior Court to first-degree sex offense. (Jones Aff.[1] ¶ 5.) The superior court then sentenced petitioner, a juvenile offender, to life imprisonment with the possibility of parole. (Id. and Ex. A-1.) On May 11, 2015, petitioner, now a state inmate, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's petition is not a model of clarity. Petitioner alleges in his petition

---

[1] Annette C. Jones ("Jones") submitted an affidavit in support of respondent's motion for summary judgment. Jones is employed by the North Carolina Department of Public Safety Post Release Supervision and Parole Commission as a Senior Parole Case Analyst. (Jones Aff. ¶ 3.)

that his parole proceedings violate his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

As an initial matter, the United States Court of Appeals for the Fourth Circuit currently is considering two appeals pertinent to the instant action–<u>In re: Terrence Wright</u>, No. 15-281 (4th Cir. Sept. 2, 2015) (considering the issue of whether a habeas petitioner challenging a state inmate's sentence computation should be brought pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 2241, or both) and <u>Hayden v. Keller</u>, No. 15-7676 (4th Cir. October 21, 2015) (considering the constitutionality of the State of North Carolina's parole procedures for juvenile offenders sentenced to life imprisonment with parole). In light of the issues now pending before the Fourth Circuit and their potential impact on this action, the court finds it appropriate to stay the instant proceedings pending the Fourth Circuit's resolution in the aforementioned appeals. <u>See</u> <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936) (stating that district courts have the authority to stay an action). Based upon the foregoing, the court DENIES the parties' cross-motions for summary judgment without prejudice. The court DIRECTS the parties to address the above-referenced cases in any future dispositive motion.

Finally, the court addresses petitioner's motion to amend. Petitioner seeks to amend his petition to name the proper party respondent. The appropriate respondent in a habeas corpus petition is the petitioner's immediate custodian, the warden, or the superintendent of the facility in which the petitioner is incarcerated. <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004). Petitioner is incarcerated at Lumberton Correctional Institution ("Lumberton"). The Superintendent at Lumberton is Brad Perritt. Accordingly, the court substitutes Brad Perritt for current respondent the State of North Carolina. The State of North Carolina is DISMISSED from this action.

In summary, the court rules as follows:

(1) Petitioner's motion to amend (DE 18) is GRANTED. The clerk of court is DIRECTED to add Brad Perritt as the respondent and to DISMISS the State of North Carolina;

(2) Petitioner's action is STAYED pending the resolution of <u>In re: Terrence Wright</u> and <u>Hayden</u> which are now pending before the Fourth Circuit. Respondent shall file a notice with the court 30 days after the resolution of each of the decisions issued by the Fourth Circuit in <u>In re: Terrence Wright</u> and <u>Hayden</u>. Respondent also is DIRECTED to serve a copy of the Fourth Circuit's opinions in <u>In re: Terrence Wright</u> and <u>Hayden</u> on petitioner on the same date he files notice of the decisions in this court. The court will thereafter lift the stay in this action;

(3) The parties' cross-motions for summary judgment (DE 15, 19) are DENIED without prejudice.

SO ORDERED, this the 8th day of June, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge