IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2097-FL

| | |
|---|---|
| CHARLES A. RIPPY BEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ERIK A HOOKS, Secretary, N.C. )<br>Department of Public Safety, )<br>)<br>Respondent.[1] ) | ORDER |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to stay, or in the alternative, to dismiss (DE 40). The motion has been fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On September 27, 1993, petitioner pleaded guilty to first degree sex offense in the Catawba County Superior Court of North Carolina, and was sentenced to life imprisonment with the possibility of parole. (J. & Commitment Order (DE 16-3)). Petitioner was seventeen at the time of his conviction and sentence. (See id.) Petitioner became eligible for parole on January 30, 2013, and he received annual parole reviews beginning on December 31, 2012 (Jones Aff. (DE 16-2) ¶¶ 7-8). As of the date petitioner filed the petition, the North Carolina Parole Commission ("Parole

---

[1] The court has constructively amended the caption to reflect the proper respondent, Erik A. Hooks ("Hooks"), the current Secretary of the North Carolina Department of Public Safety. Pursuant to Federal Rule of Civil Procedure 25(d), Hooks is automatically substituted as the respondent. Fed. R. Civ. P. 25(d). The clerk of court is DIRECTED to amend the docket to reflect that Hooks is the named respondent.

Commission") had denied petitioner parole on three occasions: January 4, 2013, January 13, 2014, and January 7, 2015. (Id. ¶ 8). The January 4, 2013, letter from the Parole Commission stated that parole was denied but did not provide an explanation. (Jan. 4. 2013, Letter Denying Parole (DE 16-4) at 2). The January 13, 2014 and January 7, 2015, letters provided the following justification for denying parole:

> Your release at this time would unduly depreciate the seriousness of the crime or promote disrespect for the law. Your continued correctional programming in the institution will substantially enhance your capacity to lead a law-abiding life if released at a later date. There is a substantial risk that you would engage in further criminal conduct.

(Jan. 13, 2014, Letter Denying Parole; Jan. 7, 2015, Letter Denying Parole (DE 16-4) at 3-4).

On May 11, 2015, petitioner filed the instant "Petition for Writ of Mandamus under 28 U.S.C. § 2241 Habeas Corpus." (DE 1). The petition is exceedingly difficult to follow, but petitioner appears to allege that his parole proceedings did not comply with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Petitioner's primary argument in support of this claim is that the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq. & 28 U.S.C. §§ 991-998,[2] abolished parole for state prisoners, and thus he should have been unconditionally released on the date he became eligible for parole. Additionally, petitioner arguably challenges the Parole Commission's procedures under the Eighth Amendment, which requires that juvenile offenders sentenced to life imprisonment receive "some realistic opportunity to obtain release before the end of [the life] term." Graham v. Florida, 560 U.S. 48, 82 (2010); see also Hayden v. Keller, 134 F. Supp. 3d 1000, 1009-10 (E.D.N.C. 2015) (holding North Carolina's

---

[2]At times, petitioner also cites to North Carolina's Structured Sentencing Act of 1994, N.C. Gen. Stat. § 15A-1340.10 et seq., as support for his position.

2

parole system does not provide juvenile offenders sentenced to life terms with a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation).

On September 14, 2015, the court conducted an initial review of the petition and allowed the matter to proceed. In October 2015, the parties filed cross-motions for summary judgment, which were both fully briefed.

On June 8, 2016, the court stayed this proceeding pending resolution of two appeals then pending in the United States Court of Appeals: In re: Terrence Wright, No. 15-281 (4th Cir. Sept. 2, 2015) (considering the issue of whether a state prisoner challenging his sentence computation should brings a habeas petition pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 2241, or both) and Hayden v. Butler, No. 15-7676 (4th Cir. Oct. 22, 2015) (considering the constitutionality of North Carolina's parole procedures for juvenile offenders sentenced to life imprisonment with parole). In that same order, the court denied the parties' cross-motions for summary judgment without prejudice.

The Fourth Circuit decided the Wright appeal on June 21, 2016, and the Hayden appeal on August 1, 2016. See In re Wright, 826 F.3d 774 (4th Cir. 2016); Hayden v. Butler, 667 F. App'x 416 (2016) (per curiam). Thereafter, respondent filed a motion to continue the stay, pending resolution of the Hayden litigation in the district court. The court granted respondent's motion on April 28, 2017, and directed respondent to file a notice within 30 days of the district court's resolution of Hayden. On November 17, 2017, respondent filed the requested notice. The district court ruled in Hayden that North Carolina's parole system did not provide juvenile offenders sentenced to life terms a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation, in violation of the Eighth Amendment. Hayden v. Keller, No. 5:10-CT-3123-BO

(E.D.N.C. Nov. 2, 2017). The district court thus granted the plaintiff's request for injunctive relief and adopted the North Carolina Department of Public Safety's ("NCDPS") proposed remedial plan. See Hayden v. Keller, No. 5:10-CT-3123-BO (E.D.N.C. Nov. 2, 2017). Upon receiving notice of the Hayden ruling, this court lifted the stay and directed the parties to file further dispositive motions on or before February 5, 2018.

On February 2, 2018, respondent filed the instant motion to stay, or in the alternative, motion to dismiss without prejudice. Respondent did not attach any exhibits or other supporting documents to the motion, but relied on certain state court records submitted with respondent's earlier motion for summary judgment.[3] Petitioner filed a response to the motion, attaching state court records and other miscellaneous documents as support.

**DISCUSSION**

Respondent first argues the court should stay these proceedings (again) pending resolution of a second appeal in the Hayden matter. The Fourth Circuit, however, recently granted the Hayden defendants' motion to dismiss the second appeal. Hayden v. Fowler, No. 17-7582 (4th Cir. Mar. 22, 2018).[4] The dismissal of the second Hayden appeal thus moots the instant motion to stay, and the court proceeds to address respondent's alternative motion to dismiss.

---

[3]These records include: (1) the affidavit of Annette C. Jones, a Senior Parole Case Analyst with the North Carolina Parole Commission; (2) petitioner's criminal judgment and commitment order; (3) letters from the North Carolina Parole Commission to petitioner denying parole; (4) petitioner's December 30, 2010, motion for appropriate relief; and (5) petitioner's February 7, 2011, motion for appropriate relief. (DE 16).

[4]Because the appeal was dismissed, the district court's order modifying parole procedures for juvenile offenders sentenced to life is now final. The new procedures will take effect on July 28, 2018. Hayden v. Keller, No. 5:10-CT-3123-BO (E.D.N.C. Mar. 19, 2018).

4

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). When evaluating a Rule 12(b)(6) motion to dismiss a habeas petition, the court may consider any exhibits attached to the petition, and "matters of public record such as documents from prior state court proceedings" without converting the motion into one for summary judgment. Walker v. Kelly, 589 F.3d 127, 139 (4th cir. 2009).

B. Analysis

As noted, petitioner challenges his state parole determinations on Fourteenth Amendment Due Process and Eighth Amendment grounds. Petitioner cites to 28 U.S.C. § 2241 as the statutory basis for the petition. Section 2241 provides a general grant of authority to district courts to issue writs of habeas corpus, and is typically employed by federal prisoners challenging execution of a sentence. Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015). A state prisoner challenging execution of his sentence,[5] however, must proceed under the more specific state habeas provisions

---

[5]Claims challenging state parole determinations contest the execution, as opposed to the legality, of a sentence. Wright, 826 F.3d at 777 (challenges to "administrative rules, decisions, and procedures applied to [a] sentence" contest the execution of the sentence).

5

contained in 28 U.S.C. § 2254. Wright, 826 F.3d at 783 (holding a state prisoner challenging execution of his sentence must comply with 28 U.S.C. § 2254 and all associated statutory requirements governing state habeas petitions regardless of whether the petition is labeled a § 2241 petition). Thus, although petitioner cited to § 2241 as the basis for his petition, § 2254 and related statutory provisions limiting access to federal habeas corpus relief for state prisoners remain applicable to the petition.[6] See id. see also 28 U.S.C. §§ 2244, 2254.

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). To exhaust available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation omitted). Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id. A habeas petitioner has the burden of proving that a claim is exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

---

[6]One such provision is 28 U.S.C. § 2244(b)(2), which prohibits state prisoners from filing second or successive petitions, except in certain narrowly-defined circumstances. Petitioner previously has filed multiple state habeas petitions. See, e.g., Bey v. Jones, No. 5:09CV128-3-MU, 2009 WL 4642074 (W.D.N.C. Dec. 1, 2009); Rippy v. (FNU) Anderson, No. 5:07CV125-MU, 2007 WL 4287514 (W.D.N.C. Dec. 4, 2007). The current petition, however, is not second or successive because petitioner first became eligible for parole on January 30, 2013, and thus his claims challenging parole determinations were not available to him at the time he filed his prior petitions. See Wright, 826 F.3d at 784 (holding that a claim challenging execution of the sentence is second or successive if it was "available" to the petitioner at the time of earlier habeas petition). The court's research has not uncovered any habeas petitions filed by petitioner between January 30, 2013 (the date petitioner first became eligible for parole) and May 11, 2015 (the date petitioner filed the instant petition).

In North Carolina, a prisoner may assert constitutional challenges to parole proceedings by filing a petition for writ of habeas corpus in state court. See N.C. Gen. Stat. § 17-33(2) (providing that writ of habeas corpus may issue where "though the original imprisonment was lawful, yet by some act, omission or event, which has taken place afterwards, the party has become entitled to be discharged."). The North Carolina Supreme Court has observed that while parole decisions typically are within the discretion of the Parole Commission, the NCDPS "does not have carte blanche [authority with respect to parole determinations;] when a government action is challenged as unconstitutional, the courts have a duty to determine whether that action exceeds constitutional limits." Jones v. Keller, 364 N.C. 249, 254 (N.C. 2010). Although the Fourth Circuit has not specifically addressed this issue, at least two federal district courts have concluded North Carolina's habeas corpus procedure provides an adequate state court remedy to address constitutional challenges to North Carolina parole proceedings, and such procedures must be exhausted prior to filing a federal habeas corpus petition. Warren v. Smith, No. 5:13-HC-2220-D, 2015 WL 631331, at *3–4 (E.D.N.C. Feb. 12, 2015); Cook v. Smith, No. 1:08CV300, 2011 WL 1230793, at *2 (M.D.N.C. Mar. 28, 2011) (observing state prisoner bringing due process challenge to parole determination exhausted state court remedies by petitioning Superior Court, North Carolina Court of Appeals, and North Carolina Supreme Court for writ of habeas corpus). Accordingly, petitioner must first present his constitutional challenges to North Carolina's parole determinations to the North Carolina courts by filing a writ of habeas corpus before he can seek federal habeas corpus relief. See Longworth, 377 F.3d at 448.

Although petitioner has filed several motions for appropriate relief ("MAR") in state court challenging various aspects of his conviction and sentence, he has not presented his Due Process

7

and Eighth Amendment challenges to his parole determinations in state court. In his first MAR, petitioner argued the trial court's determination that he was competent to plead guilty was erroneous, and also alleged trial counsel was ineffective. (See Dec. 30, 2010, MAR (DE 16-5)). Petitioner's second MAR alleged his sentence of life imprisonment with the possibility of parole violates the Eighth Amendment. (See Feb. 7, 2011, MAR (DE 16-6)); see also Graham, 560 U.S. at 82 (holding that sentencing a juvenile to life imprisonment without the possibility of parole violates the Eighth Amendment's prohibition on cruel and unusual punishment).[7] In this habeas proceeding, petitioner challenges his parole proceedings on Fourteenth Amendment Due Process grounds, principally arguing that parole was abolished in North Carolina and thus the Parole Commission cannot place him on parole. Petitioner also arguably alleges the Parole Commission has failed to provide juvenile offenders a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation, in violation of Graham and the Eighth Amendment. Petitioner has not presented any

---

[7]The state trial court appointed counsel for petitioner for the claims raised in the February 7, 2011, MAR, and ordered an evidentiary hearing. (Feb. 7, 2011, MAR (DE 16-6) at 9). The record submitted by respondent does not contain the state court's ultimate decision on petitioner's February 7, 2011, MAR. The court notes petitioner's Eighth Amendment claim in the instant habeas petition is distinct from the Graham claim asserted in the February 7, 2011, MAR because the instant claim challenges the procedures North Carolina affords juveniles when making parole determinations, and not the life sentence itself. See Wright, 826 F.3d at 777 (claims challenging "procedures applied to [a] sentence" contest the execution of the sentence, not the validity of the sentence itself).

of these claims to the state courts.[8] Thus, his claims are unexhausted, and they are DISMISSED without prejudice to allow petitioner to exhaust his state court remedies.

The court next determines whether this action should be stayed pending exhaustion of petitioner's state court remedies. The United States Supreme Court has recognized limited circumstances in which a district court may stay a habeas petition to allow a petitioner the opportunity to exhaust his state court remedies for his claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). In Rhines, the court stated:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Id. Stay and abeyance should only be granted in limited circumstances. Id.

Here, petitioner has not demonstrated good cause for his failure to exhaust. Further, there are no meritorious claims readily apparent in the petition. Based upon the foregoing, the court finds that a stay of the action is not warranted.

---

[8]Additionally, petitioner's Eighth Amendment challenge to the parole procedures for juvenile offenders is not ripe for adjudication at this time in light of the recent court order directing NCDPS to modify those procedures to comply with Graham and its progeny. See Hayden v. Keller, No. 5:10-CT-3123-BO (E.D.N.C. Nov. 2, 2017) (ordering NCDPS to implement reforms to parole system to give juvenile offenders sentenced to life terms a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation); see also Ostergren v. Cuccinelli, 615 F.3d 263, 287-88 (4th Cir. 2010) (ripeness doctrine requires "avoidance of premature adjudication" of issues). Because in Hayden the court ordered NCDPS to reform its parole procedures for juvenile offenders to comply with Graham, it would be premature for this court to evaluate petitioner's Graham-based challenges to those procedures until after he receives at least one parole review under the new procedures. Instead, petitioner must wait until he receives a parole review under the new procedures, and if he still wants to challenge them, he must first exhaust state court remedies as described above before seeking relief in federal court. As stated above, the new procedures are due to take effect on July 28, 2018.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds petitioner has not made the requisite showing. Accordingly, a certificate of appealability is denied.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (DE 40) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to amend the caption to reflect that Erik A. Hooks, Secretary, N.C. Department of Public Safety, is the sole respondent in this matter. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 1st day of June, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge